Filed 5/27/21  P. v. Purcell CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B307038 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA073043) |
| v. | |
| RANDY PURCELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Robert J. Perry, Judge.  Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

In 2009, a jury found Randy Purcell guilty of robbery and burglary, but deadlocked on a murder charge.  After a retrial, a second jury found him guilty of first degree felony murder.  The jury found true an armed-principal allegation and robbery-murder and burglary-murder special circumstances alleged pursuant to Penal Code section 190.2, subdivision (a)(17).  We affirmed the judgment in a prior appeal.  (*People v. Purcell* (July 14, 2011, B220077) [nonpub. opn.].)  Purcell now appeals the trial court's summary denial of his petition for resentencing pursuant to Penal Code section 1170.95,[1] a provision added by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) (SB 1437).  We affirm.

## BACKGROUND

Consistent with the parties' briefs, we recite the relevant facts from our prior opinion in this case:

"Appellant Randy Purcell rented a room in the house of Hawaiian Gardens gang member Ruben Baltazar.  On July 24, 2002, appellant and Baltazar went to the home of Tommy Willis intending to rob Willis; appellant and Willis were acquainted through work and appellant knew Willis kept several hundred dollars in cash at home.  During the robbery, Willis was shot dead; in appellant's later trial for murder, two of Baltazar's gang associates testified appellant told them a few hours after the shooting that appellant accidentally shot Willis while Willis and Baltazar struggled.  Before fleeing from the crime scene, appellant and Baltazar took money and a video camera.  Later that evening, Baltazar ordered appellant to return to Willis's house with Baltazar's gang associates to clean up the crime scene

_____

[1]      Undesignated statutory citations refer to the Penal Code.

2

and steal some more of the valuables, including a telephone answering machine and safe, that he and appellant had left behind.  The next day, Los Angeles County sheriff's deputies found Willis's body.  He had suffered one gunshot wound to his face below his left eye, and a second wound to the back of his neck." (*People v. Purcell, supra,* B220077 at pp. 1–2.)

"Appellant's recounting of Willis's murder changed over several interviews with sheriff's investigators and at trial.  In a nutshell, appellant initially told investigators he went to Willis's home with Baltazar not to rob Willis, but instead to bid on a carpentry job.  As appellant and Willis discussed appellant's cost estimate for the job, Baltazar became angry with Willis and shot him.  After several interviews by investigators, appellant changed his story, however, and confessed that he shot Willis.  But, by the time of trial, he recanted his confession on the ground he had falsely admitted shooting Willis because he feared Baltazar's gang associates would hurt him or his family if he continued to accuse Baltazar of killing Willis.  At trial appellant revived his original accusation that Baltazar shot Wallis when he became angry with Willis over the carpentry project." (*People v. Purcell, supra,* B220077 at p. 3.)

On June 17, 2020, Purcell filed a petition for resentencing pursuant to section 1170.95.  Without appointing counsel or accepting any briefing, the trial court summarily denied the petition.  It reasoned in relevant part:

"The Court is familiar with the facts of this case, having presided over both of Purcell's jury trials.

"Evidence implicating Purcell in Willis' murder was extensive.  Five of defendant Purcell's fingerprints were discovered in the master bedroom of the victim's home.  The two

3

bullets recovered from the victim's body were unusual brass-washed 22 long rifle caliber and similar to rounds found in a sock in defendant's bedroom. The victim was known to keep a five-gallon bottle filled with spare change which was missing. A few weeks after the murder, defendant Purcell, a methamphetamine addict, exchanged a large bottle of change for $300 to $400 at a check cashing business, and told the proprietor that the change had been collected by the recently deceased grandfather.

"In addition, Purcell made several statements to law enforcement admitting his involvement in these crimes. He initially told investigators that he and Baltazar went to the Willis' home to bid on a carpentry job, but that Baltazar suddenly lost his temper and shot Willis. After several interviews, Purcell admitted the story was false and said he had shot Willis in a robbery 'gone bad.' At trial, Purcell changed his story again, and claimed to have falsely admitted shooting the victim because he feared Baltazar and his friends would hurt him for implicating Baltazar. The second jury rejected this explanation.

"As the actual killer who committed murder, Purcell is not eligible for §1170.95 relief. See Penal Code §§189(e)(1) and 1170.95(a)(3).

"This petition for resentencing is denied."

## DISCUSSION

Effective January 1, 2019, SB 1437 addressed "certain aspects of California law regarding felony murder and the natural and probable consequences doctrine by amending Penal Code sections 188 and 189" and by adding "section 1170.95, which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in law would affect their previously sustained convictions. (Stats. 2018, ch. 1015, §§ 2–4.)"

(*People v. Martinez* (2019) 31 Cal.App.5th 719, 722–723
(*Martinez*).)  In short, SB 1437 "was enacted to 'amend the felony
murder rule and the natural and probable consequences doctrine,
as it relates to murder, to ensure that murder liability is not
imposed on a person who is not the actual killer, did not act with
the intent to kill, or was not a major participant in the
underlying felony who acted with reckless indifference to human
life.' (Stats. 2018, ch. 1015, § 1, subd. (f).)" (*Martinez,* at p. 723.)

Section 1170.95 creates a multi-step procedure for a
defendant to petition for resentencing pursuant to SB 1437.
A defendant may petition for resentencing if he or she was
"convicted of felony murder or murder under a natural and
probable consequences theory" and the following conditions are
met:  "(1) A charging document was filed against the petitioner
that allowed the prosecution to proceed under a theory of felony
murder or murder under the natural and probable consequences
doctrine; (2) The petitioner was convicted of first or second degree
murder following trial or an accepted plea; and (3) The petitioner
could 'not be convicted of first or second degree murder because of
changes to Section[s] 188 or 189' made by Senate Bill No. 1436.
(§ 1170.95, subd. (a).)  [¶]  Under section 1170.95, subdivision (b),
the petition must include:  a declaration from the petitioner that
he or she is eligible for relief under the statute, the superior
court's case number and year of conviction, and a statement as to
whether the petitioner requests appointment of counsel.
(§ 1170.95, subd. (b)(1).)  If any of the required information is
missing and cannot 'readily [be] ascertained by the court, the
court may deny the petition without prejudice to the filing of
another petition.' (§ 1170.95, subd. (b)(2).)" (*People v. Lewis*

(2020) 43 Cal.App.5th 1128, 1135–1136 (*Lewis*), rev. granted, Mar. 18, 2020, S260598.)

Section 1170.95, subdivision (c) sets forth the procedure once the defendant files a complete petition: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Should the court issue an order to show cause, it must hold a hearing to determine whether to vacate the murder conviction. (§ 1170.95, subd. (d).) If the court vacates the murder conviction, the court must resentence the defendant on the remaining counts, or if no target offense was charged, "the petitioner's [murder] conviction shall be redesignated as the target offense or underlying felony for resentencing purposes." (§ 1170.95, subd. (d)(3), (e); see *Lewis, supra,* 43 Cal.App.5th at pp. 1136–1137.)

The trial court summarily denied Purcell's section 1170.95 petition without appointing counsel. Purcell claims this was error, but we follow the cases interpreting section 1170.95, subdivision (c) to permit a trial court to summarily deny a petition without appointing counsel when the defendant fails to make a prima facie showing of eligibility for resentencing. (*People v. Falcon* (2020) 57 Cal.App.5th 272, 279–279, rev. granted, Jan. 27, 2021, S266041 [citing cases].) In doing so, the

6

court may consider the record of conviction. (*Ibid.*; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, rev. granted, Sept. 23, 2020, S263969; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, rev. granted, July 22, 2020, S262835.)

Purcell requests that we take judicial notice of our opinion in the prior appeal and the record of conviction. We grant the request.

Purcell argues the trial court erred in not finding a prima facie case because it made an improper factual finding he was the "actual killer." Respondent does not defend this ground on appeal. We will not address it, since we can affirm on any legally correct theory applicable to the case. (*People v. Smithey* (1999) 20 Cal.4th 936, 972.)

The second jury in Purcell's case found him guilty of first degree felony murder and found the robbery-murder and burglary-murder special circumstances in section 190.2, subdivision (a)(17) to be true. In doing so, the jury had to find Purcell was the actual killer, acted with intent to kill, or acted as a major participant in the underlying felony with reckless indifference to human life. SB 1437 amended section 189, subdivision (e) to now require these same three theories in order to be found guilty of felony murder.

At first blush, the true finding for the felony murder special circumstance would seem to preclude relief after the passage of SB 1437. (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1141, rev. granted, Oct. 14, 2020, S264284 ["By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder,

he is ineligible as a matter of law to have his murder conviction vacated."].)  However, cases are currently split on whether this special circumstance finding precludes section 1170.95 resentencing as a matter of law.

The dispute lies in the date of a defendant's conviction.  If the jury's special circumstance finding predated *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the meaning of "major participant" and "reckless indifference to human life" in the section 190.2 special circumstance, some cases have held the jury's pre-*Banks/Clark* section 190.2 true finding does not preclude SB 1437 resentencing.  (See, e.g., *People v. Secrease* (2021) 63 Cal.App.5th 231; *People v. Torres* (2020) 46 Cal.App.5th 1168, rev. granted, July 7, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, rev. granted, July 8, 2020, S262490; *People v. Smith, supra,* 49 Cal.App.5th 85; *People v. York* (2020) 54 Cal.App.5th 250, rev. granted, Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, rev. granted, April 28, 2021, S267802.)

Other cases take the view that the defendant cannot bring a *Clark/Banks* challenge to a section 190.2 special circumstance finding by way of a SB 1437 resentencing petition; he or she must seek relief by way of a habeas corpus petition.  (See, e.g., *People v. Gomez* (2020) 52 Cal.App.5th 1, rev. granted, Oct. 14, 2020, S264033; *People v. Galvan, supra,* 52 Cal.App.5th 1134; *People v. Murillo* (2020) 54 Cal.App.5th 160, rev. granted, Nov. 18, 2020, S264978; *People v. Jones* (2020) 56 Cal.App.5th 474, rev. granted, Jan. 27, 2021, S265854; *People v. Allison* (2020) 55 Cal.App.5th 449; *People v. Nunez* (2020) 57 Cal.App.5th 78, rev. granted, Jan. 13, 2021, S265918.)

The California Supreme Court has granted review on this issue, so it will be resolved one way or the other. (*People v. Strong*, rev. granted, Mar. 10, 2021, S266606.)

We need not elaborate on the reasoning in the existing case law. Pending further guidance, we find persuasive those cases holding a jury's section 190.2 true finding precludes section 1170.95 resentencing as a matter of law. If Purcell wants to challenge the sufficiency of the evidence supporting the robbery-murder and burglary-murder special circumstances findings, his remedy is to pursue extraordinary relief by way of habeas corpus.

As the Supreme Court recently explained, *Banks* and *Clark* merely clarified the law. (*In re Scoggins* (2020) 9 Cal.5th 667, 674.) Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*Id.* at pp. 673–674.)

Purcell's petition fails at the prima facie stage. The trial court's summary denial was proper.

9

**DISPOSITION**

The order is affirmed.

BIGELOW, P. J.

We Concur:

GRIMES, J.

STRATTON, J.